# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 5, 2025

Lyle W. Cayce
Clerk

No. 24-10374

I&I Hair Corporation,

> *Plaintiff—Appellant*,

*versus*

Beauty Plus Trading Company, Incorporated, *doing business as* Janet Collection,

> *Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2179

Before Haynes, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

This appeal raises one issue: Was there enough evidence to support the jury's damages awards? The answer is yes, so we REVERSE the district court in part and REMAND.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

## I.     Background

I&I Hair sells pre-stretched, synthetic braids under the trademark "EZBRAID." In 2019, after I&I alleged Beauty Plus (another company that sells hair products) improperly used the mark, I&I and Beauty Plus reached a settlement. The settlement prohibited Beauty Plus from using the mark or confusingly similar marks.

However, Beauty Plus continued to sell products with confusingly similar marks. Beauty Plus sold those products to another hair product company, Hair Plus.

I&I filed the present suit against Beauty Plus and Hair Plus, alleging trademark infringement, unfair competition, and breach of the settlement agreement.

The claims went to trial. At the end of trial, I&I dropped all claims against Hair Plus. The district court submitted the claims against Beauty Plus to the jury.

The jury returned a verdict for I&I on all claims, awarding $69,153 for trademark infringement, $1,159,481 in lost profits for unfair competition, and $1,310,368 in damages for breach of the settlement agreement.

Thereafter, the district court granted Beauty Plus's motion for a renewed judgment as a matter of law as to the unfair competition and breach claims. The court reasoned that I&I failed to present sufficient evidence of lost profits to support the awards. I&I appeals.

## II.     Discussion

We review a motion for a renewed judgment as a matter of law de novo. *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 362 (5th Cir. 2004). The motion should be granted only if "a reasonable jury would not have a legally sufficient evidentiary basis to find for" I&I. FED. R. CIV. P.

50(a)(1). We "review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party," without "mak[ing] credibility determinations or weigh[ing] the evidence, as those are jury functions." *Brennan's*, 376 F.3d at 362. We are "wary of upsetting jury verdicts" and "uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable jurors could not arrive at any verdict to the contrary." *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039–40 (5th Cir. 2011) (citation modified).

Under Texas law, "[a] party seeking to recover lost profits must prove the loss through competent evidence with reasonable certainty." *Atlas Copco Tools, Inc. v. Air Power Tool & Hoist, Inc.*, 131 S.W.3d 203, 206 (Tex. App.—Fort Worth 2004, pet. denied) (citing *Szczepanik v. First S. Tr. Co.*, 883 S.W.2d 648, 649 (Tex. 1994) (per curiam)). This test is "flexible," but "at a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Id.* The loss need not "be susceptible to exact calculation." *Szczepanik*, 883 S.W.2d at 649.

I&I met this standard. Before trial, the parties stipulated that if the jury found Beauty Plus liable, the relevant damages period was after September 13, 2019. I&I introduced the following evidence of lost profits during that time:

- I&I's EZBRAID sales increased more than 400 percent from 2017–2018 and 70 percent from 2018–2019. But from 2019–2020, when Beauty Plus started selling braids with a similar mark, EZBRAID's sales increased only about 10 percent.
- I&I's EZBRAID revenue grew modestly in 2020. But in 2021, it declined 3 percent, with a 15.4 percent decrease in unit sales.

I&I's gross revenue each year from 2017 to 2020 was $2.5 million, $10.7 million, $18.2 million, and $20.0 million.

- EZBRAID sales were almost 95 percent of I&I's total revenues during the relevant timeframe.

- I&I's incremental gross margin in 2020 was 42.5 percent, and its net profit margin was 25.1 percent.

- From 2018 through 2020, I&I's net income percentage increased from less than 1 percent to nearly 9 percent.

- Beauty Plus sold more than $5 million in infringing products with more than $4.5 million in revenues from 2019 to early 2022.

- 49% of I&I customers were also customers of Beauty Plus and Hair Plus.

- Given customer confusion, annual loss in sales is not a true indication of I&I's sales loss, but rather the lower limit annual loss to I&I. The upper limit is likely substantially higher after accounting for long term supply chain impact and brand dilution.

In light of this evidence, the jury could have reasonably concluded that I&I experienced significant growth until Beauty Plus introduced its infringing products. *See Nova Consulting Grp. v. Eng'g Consulting Servs., Ltd.*, 290 F. App'x 727, 739 (5th Cir. 2008) ("[I]n calculating the plaintiff's loss, it is proper to consider the normal increase in business which might have been expected in the light of past development and existing conditions." (citation omitted)). When calculating what I&I's net revenue would have been in the absence of the infringing products, the jury may have rationally considered I&I's pre-infringement growth in revenue and net income. Further, the jury may have credited testimony that Beauty Plus's infringement led to substantial customer confusion, and increased its damages award for supply

chain impact and brand dilution. Applying the net profit margin to the lost revenue puts the jury awards within the range of reasonable damages.

Beauty Plus asserts that there are several problems with the jury's award. Regarding the unfair competition damages, Beauty Plus explains that the $1,159,481 number matches both Hair Plus and Beauty Plus's profits, not I&I's lost profits. However, the relevant question is whether the evidence supports the award in the same amount. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 401 (5th Cir. 2013) ("[W]hile a jury must have an evidentiary basis for its findings, the loss need not be susceptible to exact calculation."). As discussed above, it does.

Next, Beauty Plus challenges the breach of settlement award by asserting there is no evidentiary support for the $1,310,368 award. But that incorrectly states I&I's burden. I&I had to provide evidence that would permit an award; it does not have to substantiate the specific figure the jury awarded. *See ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 876 (Tex. 2010) ("[U]ncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." (quotation omitted)).

Beauty Plus also asserts that I&I forfeited its opposition to Beauty Plus's motion for judgment as a matter of law by failing to make specific arguments below. However, I&I adequately briefed and argued the motion to preserve the matter on appeal.

Accordingly, we reverse the district court's conclusion as to damages for unfair competition and breach of settlement, and remand with instructions to reinstate the verdict.

No. 24-10374

### III.    Conclusion

We REVERSE the district court in part and REMAND with instructions to reinstate the jury verdict and for the district court to address attorneys' fees.[1]

---

[1] The district judge who handled this case has now retired, so this case will need to go to a different district judge within the Northern District of Texas.